986 F.2d 1413
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin Delano HAWKINS, Plaintiff-Appellant,
v.
CONSOLIDATION COAL COMPANY, a Corporation, Defendant-Appellee.
 No. 90-2222.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 4, 1991
Decided: February 22, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Robert R. Merhige, Jr., Senior District Judge. (CA-83-154-C-K)
 Allan Norman Karlin, Morgantown, West Virginia, for Appellant.
 Robert M. Steptoe, Jr., STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellee.
 David M. Hammer, STEPTOE & JOHNSON, Clarksburg, West Virginia, for Appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER and HALL, Circuit Judges, and WILSON, United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 The appellant, Franklin Delano Hawkins, brought this action against the Consolidation Coal Company in a state court and it was removed to the United States District Court for the Northern District of West Virginia. Hawkins claimed handicap discrimination in violation of the West Virginia Human Rights Act (the Act or the West Virginia Act), W.Va.Code § 5-11-1 et seq. Hawkins' asserted handicap is a permanent injury to his abdominal wall, which has substantially weakened his abdomen and which causes him significant pain upon heavy lifting or twisting. After a bench trial, the district court entered judgment against Hawkins, basing its decision on a finding that Hawkins was not handicapped within the meaning of the West Virginia Act.
 
 
 2
 Hawkins claims that the district court erred, both in its interpretation of West Virginia law and in its application of the law to the facts, in finding that Hawkins was not "handicapped." Hawkins also claims that he was wrongfully denied a jury trial. We affirm.
 
 
 3
 In order to prove a prima facie case of handicap discrimination under the West Virginia Human Rights Act, the plaintiff must prove, as a necessary element, that he meets the definition of "handicapped" under the Act. W.Va.Code, 5-11-2 (1981); Ranger Fuel Corp. v. Human Rights Com'n, 376 S.E.2d 154, 158 (W.Va. 1988). The Act defines "handicap" as follows:
 
 
 4
 The term "handicap" means any physical or mental impairment which substantially limits one or more of an individual's major life activities.
 
 
 5
 W.Va. Code, 5-11-3(t) (1987).
 
 
 6
 The dispute in this case centers on whether the plaintiff's abdominal impairment "substantially limits one or more of [his] major life activities." "Major life activities" are defined to include, among other things, "employment." Benjamin R. v. Orkin Exterminating Co., 390 S.E. 814, 816, (W.Va. 1990). In cases in which a party claimed to be handicapped because of an impairment limiting his employment, the West Virginia Supreme Court consistently has held that the definition of a "handicap" must be strictly construed, see Casteel v. Consolidation Coal Co., 383 S.E.2d 305, 308 (W.Va. 1989); Ranger Fuel v. Human Rights Com'n, 376 S.E.2d 154, 158-59 (W.Va. 1988). The Court has emphasized that the statute defines a handicap as a "substantial impairment," interpreting this language as a legislative policy choice to reserve the rights provided by the Act, particularly the right to demand reasonable accommodation to those individuals with "substantial handicaps" who "are able and competent, but who, because of their handicap, have substantial difficulty in finding work." Ranger Fuel Corp. v. Human Rights Com'n, 376 S.E.2d 154, 158-59 (W.Va. 1988) (emphasis in original).
 
 
 7
 Whether Hawkins is handicapped under the West Virginia Act is a mixed question of fact and law. Whether we review this determination de novo, see 9 Wright & Miller, Federal Practice and Procedure § 2589 (1971), or subject to the clearly erroneous standard, Fed.R.Civ.Proc. 52(a), we find no error in the district court's conclusion that Hawkins is not handicapped within the meaning of the West Virginia Act.
 
 
 8
 Due to complications from abdominal surgery, Franklin Hawkins developed an infection covering the entire length of the abdominal incision. The infection destroyed portions of the fascia of Hawkins anterior abdominal wall. Fascia is a connective tissue that covers the abdominal muscles. The infection destroyed the fascia over an eight to ten inch long area surrounding the incision.
 
 
 9
 The loss of fascia severely weakened Hawkins abdominal wall, causing a hernia condition. Hawkins' surgeon, Dr. Griswold, performed reconstructive surgery to correct the hernia condition. Specifically, Dr. Griswold installed a piece of Marsilene mesh in Hawkins' abdominal wall to replace the lost fascia. The Marsilene mesh is a nylon-like material that is rather inelastic but has great tensile strength. In the operation, Dr. Griswold used the mesh to pull together the remaining healthy intra-abdominal wall surrounding the hernia. Before the mesh was installed, Hawkins' hernia was approximately nine by seven inches. Afterward, the surrounding abdominal tissues were pulled to within three inches of each other, leaving a nine by three inch section filled by the mesh.
 
 
 10
 Although the mesh was an improvement over Hawkins' hernia condition, the operation did not restore Hawkins' abdominal wall to its healthy contractile strength. In addition, the mesh pulled almost directly on his ribs. This, coupled with the inelastic nature of the mesh, caused Hawkins pain in lifting, twisting and bending.
 
 
 11
 In 1982, Dr. Griswold issued a back-to-work release for Hawkins. However, according to Dr. Griswold, this release indicated only that the strain of heavy work would not cause Hawkins' abdominal wall to rupture. The release did not indicate that Hawkins' abdomen had regained its healthy contractile strength or that Hawkins would not experience significant pain in lifting or other activity.
 
 
 12
 Hawkins testified that he could not lift much weight at all; that lifting a couple of pieces of firewood or a twenty-five pound sack of flour would cause significant pain. Hawkins' wife verified these statements, and Dr. Griswold testified that they were consistent with his knowledge of both the Marsilene mesh procedure in general and of Hawkins' condition in particular.
 
 
 13
 Prior to his abdominal injury Hawkins had worked in a coal mine since 1966, first as a miner, then as a section foreman. Before that, Hawkins had had six months experience in a steel fabrication shop, and had worked in a stamping factory. Hawkins also had had brief experience as a spray painter. Hawkins has a high school diploma, which he received through the G.E.D. while in the Air Force.
 
 
 14
 After his injury, Hawkins looked for other work. He was told by the Federal Bureau of Mines and the state of West Virginia that they had no job openings. Hawkins also applied for a trucking job but had to withdraw when he discovered that the job would require him to unload trucks. For a period, Hawkins ran a small engine repair shop, but was unable to make it financially successful. Hawkins also worked as a minister. Because his English skills needed improving, Hawkins' wife did the paperwork required for this job. Hawkins currently works as a lock and dam operator.
 
 
 15
 The evidence shows that there are at least two manufacturing facilities in Monogalia County. It also shows that there are several steel plants, and a number of small metal fabrication shops in the area.
 
 
 16
 The district court found that Hawkins' condition did not approach the level of seriousness so that he could not work. It found that heavy labor and twisting, which Hawkins could not do comfortably, were not major life activities, or even included in those of section foremen, Hawkins' prior job. It concluded Hawkins had not proven a prima facie case of discrimination. We find it significant that Hawkins has had experience in manufacturing and steel fabrication, albeit years ago, and that there are a number of manufacturing facilities in the general vicinity. Hawkins has introduced no evidence to suggest that his injuries would preclude him from doing such work. In addition, Hawkins has held several jobs in spite of his injury, and is currently employed. Although his current position may not pay as well as his former position as a mine section foreman, this is not enough to establish the type of substantial impairment necessary to prove handicapped status under the West Virginia Act. The decision of the district court is factually supported by the record and does not contain any reversible error of law.
 
 
 17
 The judgment of the district court is accordingly
 
 
 18
 AFFIRMED.*
 
 
 
 *
 The argument in the briefs that Hawkins was erroneously deprived of a jury trial was withdrawn at oral argument. In any event, we are of opinion the point is without merit